Ballard v. State.

---

## CRIMINAL LAW

[Wayne (5th) Court of Appeals, January Term, 1919.]

Houck, Shields and Patterson, JJ.

JOHN BALLARD v. THE STATE OF OHIO.

1. **Relevancy of Previous Conduct and Acts of Accused and Inferences of Intent from Other Acts.**

   Prejudice cannot be based upon the admission of testimony, the recital of which incidentally disclosed a previous arrest and detention of the defendant; on the contrary intent may sometimes be inferred from former criminal acts of the defendant, when the testimony relating to such acts is sharply limited in its application to its bearing on the question of intent in the case under consideration.

2. **Misconduct of Prosecutor Raised by Objection at Time and Exception.**

   In order that advantage may be taken of the alleged misconduct of a prosecuting attorney in his argument to the jury, it is necessary that objection be entered at the time and if overruled an exception be taken to the action of the court in so doing.

*Kean & Adair,* for plaintiff in error.

*Benton G. Hay,* Pros. Atty., for defendant in error.

---

*Motion to certify overruled by Supreme Court, May 13, 1919, *Ballard* v. *State,* 64 Bull. 178.

**SHIELDS, J.**

The plaintiff in error, John Ballard, prosecutes error to reverse the judgment of the court of common pleas of said Wayne county wherein he was convicted and sentenced for pocket-picking.

While the petition in error filed herein contains numerous grounds of alleged error, but three grounds only were argued and relied on:

1.  Error of the court below in the admission of incompetent evidence upon the trial.

2.  Error of said court in overruling the motion of the defendant below to compel the state to make an election under the two counts in the indictment upon which a conviction was claimed.

3.  Misconduct of the prosecuting attorney.

1.  It appears that during the trial testimony was given by one Christy Marks, assistant chief of police at Mansfield, O. and a witness for the state, that both the plaintiff in error and one Harry Martin, who together were arrested and charged with said offense, stated soon after their arrest that they were not acquainted and known to each other until the day before their arrest, having met and become acquainted with each other at Alliance, Ohio, on said day, as appears on page 31 of the bill of exceptions. Like testimony was also given by one Frank Mitchell, also a police officer at Mansfield, Ohio, and a witness for the state, as appears on page 36 of the bill of exceptions. To contradict these statements and as tending to show that they were not true, the state introduced several police officers of Chicago who testified that said Ballard and Martin had been seen together in said latter named city before their said arrest for the offense here charged; that said Ballard was known in Chicago under several different names, and that on one occasion, some ten days before said arrest, said Ballard and Martin were seen and known to have been together at the Dearborn street railroad station in Chicago when and where they were arrested and taken in charge by the police of Chicago and taken to a police station in said city. A deposition of one Charles L. Logue was also introduced on behalf of the state who testified that said

Ballard v. State.

Ballard and Martin were seen together at said railroad station at said time, and who with the witness William Sullivan further described the circumstances under which they were taken into the custody of said police officers at said time. Objection was made to the foregoing testimony and exceptions taken to the action of the court below in admitting it, for the reason, as claimed, that it tended at least to cast criminal suspicion upon the plaintiff in error and therefore its effect was prejudicial to him. This action upon the part of said court in admitting said testimony is assigned as error for which it is contended that the judgment of conviction and sentence should be reversed.

Under the statement referred to that said Ballard and Martin were strangers and not known to each other until they met the day before their arrest, it was not claimed but that it was competent to show that they were seen together before that time in Chicago as tending to show that they were acquainted and were known to each other, and that their said statement was therefore untrue, but it was urged that said court erred in permitting said witnesses to give testimony as to the circumstances under which they were thus seen, especially in reference to the fact that they were taken into custody by the police at Chicago and taken to the police station. By referring to page 80 of the bill of exceptions we find that the trial court in instructing the jury upon the foregoing testimony cautioned the jury as follows:

"Now certain testimony of gentlemen from Mansfield and Chicago has been admitted to you, and the object of this testimony was not to prove to you that the defendant was guilty of committing some other crime. You should ignore testimony that has come to you in the case on that point.

"I will say to you that you must convict the defendant, if you convict him at all, on the evidence of this crime, the crime charged in the indictment, and not use any evidence, if you have received any, of any other crime. But the testimony of these witnesses from Chicago and those from Mansfield was offered to prove to you, as claimed by the state, that the defendant and the gentleman named as Harry Martin or Morton were acquainted with each other there, and knew each other before the day or time of the crime and at the time of the crime; that was the object of that testimony."

It appears that the foregoing instruction clearly stated the object for which the testimony referred to was given, with the direction clearly expressed that it was permitted to be given for a specific purpose, and to be considered by the jury for that purpose only. Had the court seen fit to do so, said instruction given, in our judgment, might have been extended so as to include other recent acts of the defendant below of the same character, if such acts were shown, as bearing upon the motive and intent in the alleged commission of the offenses here charged. It will be noticed that no testimony of any written accusation against said Ballard and Martin, or either of them, charging them with an offense in Chicago, was offered to be given. Counsel for plaintiff in error argued that the facts given in evidence tended to show that they had committed some crime. Not necessarily so, for a party may be arrested, and yet such party may be entirely innocent of an offense subsequently charged. Counsel further argued that the offenses here charged can not be made out by proof that the plaintiff in error may have committed some other crime or crimes. Generally speaking this is true, for the policy of the law is to guard against what might be an indefinite multiplicity of issues, which a party charged with crime is not called upon to meet, nor prepared to meet, and the rule is, therefore, that the trial shall be limited to the accusations made, and that ''other distinct unrelated offenses'' shall not form the subject of inquiry on such trial. But it is laid down by text writers generally and in many adjudicated cases that ''to this general rule there are exceptions which have been permitted from absolute necessity, to aid in the detection and punishment of crime. As stated in 1 Jones: Commentaries on Evidence, Sec. 144:

''The intent and disposition with which one does a particular act must be ascertained from his acts and declarations before and at the time; and when a previous act indicates an existing purpose, which from known rules of human conduct may fairly be presumed to continue and control the defendant in the doing of the act in question, it is admissible in evidence. In many cases it is the only way in which criminal intent can be proved; and the evidence is not to be rejected because it might also prove another crime against the defendant.''

Again the same author in Sec. 143 says:

"In criminal cases the conduct of the prisoner on other occasions is sometimes relevant, where such conduct has no other connection with the charge under inquiry than that it tends to throw light on what were his motives and intentions in doing the act complained of. The intention with which a particular act is done constitutes often the burden of the inquiry, and to prove the intent it becomes necessary, in many instances, to extend the examination beyond the particular transaction concerning which the accused is upon his trial. For the purpose, therefore of proving the intent, not of proving the act itself, it is often permissible to show other criminal transactions of the same sort springing from the like mental conditions. Bishop, in his work on Criminal Procedure, after giving various illustrations as to the proper application of this rule in criminal practice, sums up his conclusion in the following words: 'It is, that though the prisoner is not to be prejudiced in the eyes of the jury by the needless admission of testimony tending to prove another crime, yet whenever the evidence which tends to prove the other crime tends also to prove this one, not merely by showing the prisoner to be a bad man, but by showing the particular bad intent to have existed in his mind at the time when he did the act complained of, it is admissible; and it is also admissible, if it really tends thus, as in the facts of most cases it does not, to prove the act itself.' "

In *Brown* v. *State*, 26 Ohio St. 176, 181, Judge Gilmore, speaking for the court in that case, says:

"While the general rule unquestionably is, that a distinct crime, in no way connected with that upon which the defendant stands indicated, can not be given in evidence against him on the trial, this rule is not applicable to a case in which it is clearly shown that a connection, in the mind of the defendant, must have existed between the offense charged in the indictment and others of a similar nature. When such connection exists, evidence of such other offense is admissible, not for the purpose of raising a presumption of guilt on the hypothesis that a man who commits one crime will probably commit another, but for the purpose of showing a motive or purpose prompting the commission of the offense laid in the indictment; and being competent for this purpose, it could not have been properly excluded on the ground that it tended to prove the commission of other and distinct offenses." 10 Ruling Case Law, Sec. 105; 4 Chamberlayne, Evidence. Sec. 3222; Underhill Crim. Evidence, Sec. 90; Wharton, Crim. Evidence, Secs. 884-5.

If we were left to judge of the character of the testimony referred to, in the light of this record, we would unhesitatingly say that it developed a unity of design and part of the same scheme illustrated in the Orrville incident, as found by the jury in the case at bar. We are of the opinion that the action of the trial court in admitting said testimony was justified by the facts appearing in the record and that in admitting it there was no prejudicial error.

2. As to the second ground of error, it appearing that the offenses charged in the indictment arose out of the same transaction, the motion to compel the state to elect upon which count in the indictment it relied for conviction, was properly overruled. *Bailey* v. *State*, 4 Ohio St. 440; *State* v. *Bailey*, 50 Ohio St. 636 [36 N. T. 233].

3. The third ground of error charges misconduct on the part of the prosecuting attorney in the trial of the case. We have examined the record with reference to this ground of error and fail to find that any exception was taken to the statement alleged to have been made by the prosecuting attorney in his argument to the jury, and we also fail to find that any objection was made to the trial court, or to any ruling made thereon authorizing any action by a reviewing court. Aside from the question raised by the state in reference to the record being silent as to what was said by the prosecuting attorney in reply to the challenge made by counsel for plaintiff in error in argument, in order to avail himself of the error claimed it was incumbent upon counsel for plaintiff in error to have made their objection to the court, and if overruled, to take an exception to the action of the court. *Davis* v. *State*, 10 Circ. Dec. 738 (20 R. 430, 437.)

Although not argued, an additional ground of error in the petition in error is that ''the verdict is not sustained by the evidence and the law.'' It appears that the requests submitted on behalf of the plaintiff in error to be given in charge by the court to the jury were given, and the charge of the court, in our judgment, contained a correct statement of the law applicable to the case.

As to the evidence, we have no hesitancy whatever in saying that a reading of this record clearly shows that the jury

Ulmer & Sons v. Bruml.

were well warranted in finding the verdict returned by them. Under the testimony, it is apparent that the plaintiff in error and his pal, the latter of whom succeeded in eluding the vigilance of the officers after having been taken in custody and fled, thereby escaping trial, selected this unoffending old man as their victim to be fleeced, on reaching Orrville, when it became known to them that he was to change cars there, and how successfully they worked out their criminal purpose is fully shown by the testimony. With the testimony of the witnesses for the state unopposed, showing unmistakably the scheme planned by these "gentry with velvet fingers" to relieve their selected victim of his money as he was jostled by them in the aisle of the car in his attempt to alight therefrom, as shown by the testimony, and after stripping him of his money and leaving the old man, perhaps in a strange city, at the midnight hour, penniless, they hastily sought other quarters on the train in fancied security with their plunder. With the uncontradicted facts of the case before us, we are unanimous in our opinion that the verdict of the jury was fully sustained by the evidence and the law, and finding no error in the record prejudicial to the plaintiff in error, the judgment of the court of common pleas will be affirmed. Exceptions.

HOUCK and PATTERSON, JJ., concur.